## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
---------------------------------x
WILLIAM PETAWAY,                  :
                                  :
     Plaintiff,                   :
                                  :
                                  :
                                  :
vs.                               :
                                  :
ANSONIA POLICE DEPARTMENT,        :Civil No. 3:24-cv-00738 (AWT)
CITY OF ANSONIA, BLUE BROOK       :
PROPERTIES, BLUE BROOK            :
PROPERTIES-MAINTENANCE MAN        :
JOHN DOE, ANSONIA SGT FLYNN,      :
ANSONIA OFFICER PEREIRA,          :
ANSONIA OFFICER KANAVY, ANSONIA   :
OFFICER LOVERMI,                  :
OFFICER OCZKOWSKI, AND            :
ANSONIA OFFICER FOWLER.           :
                                  :
     Defendants.                  :
                                  :
---------------------------------x
```

### RULING ON MOTION TO REMAND

Defendants Ansonia Police Department, City of Ansonia,
Sergeant Flynn, Officer Pereira, Officer Kanavy, Officer
Lovermi, and Officer Fowler (the "Ansonia Defendants") removed
this case to federal court pursuant to 28 U.S.C. §§ 1441 and
1446. Plaintiff William Petaway ("Petaway") has moved to remand
the case to state court. For the reasons set forth below, the
plaintiff's motion is being granted.

I.    **BACKGROUND**

On April 2, 2024, Petaway filed a complaint in state court against the Ansonia Defendants and Blue Brook Properties, Blue Properties-Maintenance Man John Doe ("John Doe"), and Officer Oczkowski ("Oczkowski"). The complaint set forth claims pursuant to 42 U.S.C. § 1983 based on Fourth Amendment violations. The Ansonia Defendants, Blue Brook Properties, John Doe, and Oczkowski were all served with the summons and complaint on March 20, 2024.

On April 19, 2024, the Ansonia Defendants timely filed a notice of removal. The notice does not state whether the three other defendants (Blue Brook Properties, John Doe, and Oczkowski) were joining in or consenting to removal of the action.

On April 25, 2024, defendant Oczkowski filed a notice consenting to and joining in the notice of removal. See ECF No. 10.

On April 29, 2024, the plaintiff timely filed his motion to remand this action to state court, arguing that all ten defendants had not joined in the notice of removal.

On May 7, 2024, Blue Brook Properties and John Doe filed a "consent to removal", consenting to and joining in the notice of removal. See ECF No. 21 (incorrectly docketed as a notice of removal).

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1446(a), "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . ."

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446 (b)(1). See also Pietrangelo v. Alvas Corp., 686 F. 3d 62, 66 (2d Cir. 2012)("Each defendant has thirty days from when he received service to file a notice of removal").

"[W]ithin that thirty-day window, all defendants who have been properly joined and served must join in or consent to the removal of the action [,] the so-called rule of unanimity." Taylor v. Medtronic, Inc., 15 F.4th 148, 150 (2d Cir. 2021). See also Edelman v. Page, 535 F. Supp. 2d 290, 292 (D. Conn. 2008)("Where there are multiple defendants, all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper.").

"The unanimity requirement serves the interests of
plaintiffs, defendants, and the courts, because it benefits
plaintiffs by preventing defendants from splitting the
litigation, forcing the plaintiff to pursue the case in two
separate forums. It benefits defendants by precluding one
defendant from imposing its forum choice on codefendants. And it
helps courts by preventing needless duplication of litigation."
Taylor, 15 F.4th at 150 (internal quotation marks omitted).
"Because statutory procedures for removal are to be strictly
construed, we resolve any doubts against removability." Id.
(internal quotation marks omitted). See also Edelman, 535 F.
Supp. 2d at 292 ("This rule of unanimity is strictly interpreted
and enforced").

"District courts within this Circuit . . . have
consistently interpreted the statute as requiring that all
defendants consent to removal within the statutory thirty-day
period, a requirement known as the rule of unanimity."
Pietrangelo, 686 F. 3d 66. "To comply with the rule of
unanimity, the consent of all defendants to removal must be
clearly manifested within the thirty-day period specified by 28
U.S.C. § 1446." Prue v. Eagleston, No. 3:07CV1848 (AWT), 2008 WL
687359, at *1.

"Whe[n] . . . a properly served defendant fails to provide
notice of consent to removal within the thirty-day statutory

period, the defendant cannot cure that failure by providing late consent." Taylor, 15 F.4th at 151. "[A]t bottom, nothing in the statute provides a court with any discretion to allow a party to cure a failure to meet the statute's requirements once the thirty-day period for removal lapses." Id. at 153. See also Newkirk v. Clinomics Biosciences Inc., 2006 WL 2355854, at *3 (N.D.N.Y. 2006)("The consent of all defendants in a multiparty case is a 'precondition' to removal unless an exception applies"); Forum Insurance Company v. Texarkoma Crude and Gas Co., No. 92 Civ. 8602 (CSH), 1993 WL 228023, at *2 (S.D.N.Y. June 22, 1993)("[A]ll defendants must join a removal petition or else the petition is defective and the case must be remanded").

An exception to the rule of unanimity exists when "(1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; [or] (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441 (c)." Prue, 2008 WL 687359, at *2.

## III. DISCUSSION

The defendants were served on March 20, 2024. The notice of removal was timely filed by the Ansonia Defendants only on April 19, 2024, with no time to spare. Defendant Oczkowski's consent to removal was not filed until April 25, 2024. It was untimely because it was filed more than 30 days after he received the

summons and complaint. Defendants Blue Brook Properties and John Doe filed a consent to removal on May 7, 2024, which was likewise untimely.

The defendants do not contend that any exception to the rule of unanimity is applicable here, and it is not apparent how one would be. Consequently, because the defendants did not timely comply with the rule of unanimity, this case must be remanded to state court.

In opposing remand, the Ansonia Defendants make two arguments. First, they argue that the 30-day statutory period for removal is merely a "formal and modal requirement and is not jurisdictional." Agyin v. Razmzan, 986 F.3d 168, 182 (2d Cir. 2021). But in Agyin the court recognized that the consequence that flowed from the fact that the 30-day statutory period for removal is not jurisdictional is that "if an opposing party does not object to an untimely notice of removal by timely filing a motion to remand, the objection is waived." Id. Here the plaintiff objected by timely filing a motion to remand within 30 days of removal. Thus, Agyin does not apply.

Second, the defendants argue that "[c]ourts in other circuits facing this timeliness issue have similarly held that remand is not required unless jurisdiction is implicated." Def.'s Opp. (ECF No. 24)(citing Collins v. Baxter Healthcare Corp., 949 F. Supp. 1143(D. N.J. Apr. 23, 1996); Glover v. W.R.

Grace & Co., Inc., 773 F. Supp. 964(E.D. Tex. July 12, 1991; and Hernandez v. Six Flags Magic Mountain, Inc., 688 F. Supp. 560 (C.D. Cal. July 12, 1988)). None of these cases is persuasive authority.

In Collins, the court stated that "[h]ere, each defendant has filed a certification with the court asserting that it affirmatively consented to the notice of removal . . . [A]s such, even if the bare assertions of consent were less than adequate, defendants' later assurances that they did in fact consent to be joined in the removal will be accepted by the court." Collins, 949 F. Supp. 1146. Here, there is no question as to whether "bare assertions of consent [that] were less than adequate," should be given effect based on later assurances, because there was no such assertion of consent made on a timely basis. Id.

In Glover, the court denied the plaintiff's motion to remand despite the fact that the defendant's consent to removal came four days after the time limit, stating that "[t]he thirty-day limit for removal, however, is a formal requirement that may be waived, it is not a jurisdictional barrier." Glover, 773 F. Supp. 965. In Hernandez, the court denied the plaintiff's motion to remand despite the defendant's untimely removal, stating that "[t]he plain language of the removal indicates that remand is only mandatory where a case is removed improvidently, and the

court is without jurisdiction." <u>Hernandez</u>, 688 F. Supp. 562. In neither of these cases did the court apply the standard for this Circuit, as articulated in <u>Taylor</u>.

## IV.  CONCLUSION

For the reasons set forth above, the Plaintiff's Motion to Remand to State Court (ECF No. 15) is hereby GRANTED.

This case is hereby remanded to the Connecticut Superior Court, Judicial District of New Haven at New Haven.

It is so ordered.

Dated this 13th day of June 2024, at Hartford, Connecticut.

/s/ AWT

_____

Alvin W. Thompson
United States District Judge

- 8 -